FORMER EMPLOYEES OF CTS COMMUNICATIONS COMP., INC., Plaintiffs, v. UNITED STATES SECRETARY OF LABOR, Defendant.

Court No. 05–00372

## JUDGMENT

TSOUCALAS, Senior Judge: On February 28, 2005, a petition for trade adjustment assistance ("TAA") and alternative trade adjustment assistance ("ATAA") benefits was filed on behalf of the Former Employees of CTS Communications Components, Inc. ("Plaintiffs"). On April 15, 2005, Labor issued a negative determination regarding Plaintiffs eligibility for TAA and ATAA benefits. Plaintiffs filed a summons and complaint with the Court appearing *pro se* on May 7, 2005. On June 7, 2005, Labor dismissed a request for administrative reconsideration based upon a lack of substantial new information. On February 7, 2006, the Court granted the United States Department of Labor's ("Labor's") consent motion for voluntary remand. On March 22, 2006, Labor filed its *Notice of Revised Determination on Remand* ("*Remand Determination*"), TA–W–56,674 (Dep't Labor March 2006).

In its *Remand Determination*, Labor determined that Plaintiffs had been involved in the production of ceramic blocks/filters and sensors. Labor also found that an increase in "imports of ceramic sensors like or directly competitive with those produced by the subject firm contributed importantly to the total or partial separation of a significant number of workers at the subject facility." *Remand De-*

*termination* at 3. Consequently, Labor determined that Plaintiffs are eligible to receive TAA or ATAA benefits. *See id.* at 4. On April 5, 2006, Plaintiffs filed comments stating that they are satisfied with the *Remand Determination* as filed.

Upon consideration of Labor's *Remand Determination*, Plaintiff's Comments, and other papers and proceedings filed herein; it is hereby

ORDERED that Labor's decision to certify Plaintiffs to receive TAA and ATAA benefits is supported by substantial evidence and is otherwise in accordance with law; and it is further

ORDERED that Labor's *Remand Determination* filed on March 22, 2006, is affirmed in its entirety; and it is further

ORDERED that this case is dismissed.